Palmo v. Lynch
BIA
Cheng, IJ
A200 179 385

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand sixteen.

PRESENT:
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

TASHI PALMO, AKA TASHI PALMO LAMA,
*Petitioner,*

v.                                                    15-67
                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Stuart Altman, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Blair T.
                         O'Connor, Assistant Director;
                         Briena L. Strippoli, Trial Attorney;
                         Stephanie L. Groff, Law Clerk,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tashi Palmo, a native and citizen of Nepal, seeks review of a December 31, 2014, decision of the BIA, affirming an April 15, 2013, decision of an Immigration Judge ("IJ") denying Palmo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tashi Palmo,* No. A200 179 385 (B.I.A. Dec. 31, 2014), *aff'g* No. A200 179 385 (Immig. Ct. N.Y. City Apr. 15, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, i.e., minus the bases for denying relief that were not considered by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Palmo's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the

2

circumstances," base an adverse credibility determination on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's adverse credibility determination.

The adverse credibility determination was properly based on certain omissions from Palmo's supporting evidence. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes). Palmo testified that she was arrested and detained by the Nepalese police on three different occasions and that, each time, the Tibetan Youth Congress paid a bribe for her release; the letter she submitted from the president of the Tibetan Youth Congress, however, made no mention of Palmo's arrests or the bribes. When asked to explain this discrepancy, Palmo said that she asked for the letter in order to prove she was a member

3

of the Tibetan Youth Congress, not to detail her involvement in the organization. The agency was not required to credit this explanation and reasonably found it "troubling" that the organization that had supposedly secured Palmo's release from detention on multiple occasions made no mention of her arrests. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

The credibility determination was also properly based on omissions from Palmo's parents' letter. *See Xiu Xia Lin*, 534 F.3d at 166 n.3. Palmo testified that her parents were aware of her membership in the Tibetan Youth Congress, that her father bribed the police when they accused her of participating in another protest, and that her father paid a broker to prepare a fraudulent passport for her to leave Nepal. When asked why these details were omitted from her parents' letter, she responded that they "did not understand how much [they had] to mention" and that they were unfamiliar with legal terms. The agency was not required to credit Palmo's explanations for these omissions. *Majidi*, 430 F.3d at 80.

The agency also reasonably relied on Palmo's demeanor, noting that her testimony appeared "somewhat rehearsed and

4

memorized" and that she was unable to "answer simple questions posed by her attorney but rather continue[d] to follow [] her statement." *See Xiu Xia Lin*, 534 F.3d at 167. Particular deference is given to the trier of fact's assessment of demeanor, and the record supports the IJ's demeanor finding. *See Majidi*, 430 F.3d at 81 n.1; *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Considering the totality of the circumstances, it cannot be said "that no reasonable fact-finder could make such a credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Because all forms of relief (asylum, withholding of removal, and CAT relief) were based on the same factual predicate, the adverse credibility determination is dispositive of all three. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

5

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk